UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANK SCHWAMBORN,

                        Petitioner,

        -against-

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
11-CV-5614 (SJF)

FILED
CLERK
9/11/2015 2:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

*Pro se*[1] petitioner Frank Schwamborn ("Schwamborn" or "Petitioner") has moved for a writ of error *coram nobis* or *audita querela* pursuant to 28 U.S.C. § 1651. [Docket Entry No. 1 ("Petition")]. For the reasons that follow, the Petition is denied.

I.     BACKGROUND[2]

On September 24, 1990, petitioner entered a plea of guilty before Judge Jacob Mishler in criminal case number 90-cr-480, to: (1) knowingly and willfully using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and (2) mail fraud in violation of 18 U.S.C. § 1341 (Count Four). *See* Petition, at 2; Opposition, at 3-4; Reply, Ex. A ("Superseding Indictment"). The charges in the Superseding Indictment stemmed from an October 9, 1989 incident in which Petitioner and a co-defendant

---

[1]     Because he is proceeding *pro se*, Petitioner's submissions are held to "less stringent standards than formal pleadings drafted by lawyers" (*Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007))) and the Petition is liberally construed and interpreted "to raise the strongest arguments that [it] suggests[s]." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

[2]     The facts are taken from the Petition, the government's memorandum in opposition to the Petition [Docket Entry Nos. 14, 17 ("Opposition")], the petitioner's reply to the government's opposition [Docket Entry No. 18 ("Reply")], and my review of the record.

1

allegedly robbed a drug dealer during the course of a drug trafficking transaction, attempted to flee the scene in a vehicle, collided with another vehicle, then fled accident scene and entered a pizzeria where Petitioner allegedly pointed the handgun at a witness and threatened him. *See* Opposition, at 3; Reply, at 5. Petitioner has submitted the transcript of the plea hearing with his reply, which contains the following excerpts:

> THE COURT: You tell me how you participated first, in the charge charging you with knowingly and willfully carrying a firearm during that drug deal.
>
> THE DEFENDANT SCHWAMBORN: I was in a car that had cocaine in it and I possessed a gun.
>
> THE COURT: Wait, what were you doing in the car?
>
> THE DEFENDANT SCHWAMBORN: I knew there was cocaine in the car.
>
> THE COURT: Did you know there was cocaine in the car?
>
> THE DEFENDANT SCHWAMBORN: Yes.
>
> THE COURT: Did you intend to distribute it somehow, sell it or somehow dispose of it?
>
> THE DEFENDANT SCHWAMBORN: Yes.
>
> THE COURT: And why did you have the firearm in the car? Was it to secure the cocaine? Did you want to make sure that it was secure or did you intend to use the firearm?
>
> THE DEFENDANT SCHWAMBORN: For self preservation.
>
> THE COURT: Self preservation in the deal?
>
> THE DEFENDANT SCHWAMBORN: Yes.

Reply, Ex. C ("Transcript of Plea Hearing"), 14:23-25, 15:1-20.

Petitioner now alleges that his guilty plea to Count 3 was not knowingly and intelligently entered because "the Supreme Court in *Bailey v. United States*, 516 U.S. 137, 144, 133 L.Ed.2d 472, 116 S.Ct. 502 (1995), held that a conviction for using a firearm under § 924(c)(1) requires

the government to show 'active employment of the firearm,' not its mere possession" (Petition, at 9) (citing *Bailey*, 516 U.S. at 143), that "'use' does not encompass mere possession" (*id.*, at 10 (citing *Bailey*, 516 U.S. at 149), that therefore, "all parties to the plea were mistaken when Petitioner pleaded guilty to 'use' under the pre-*Bailey* meaning of section 924(c)(1)…[and] Petitioner actually pleaded guilty to 'possessing' a gun in a car that had cocaine in it" (Petition, at 10), and that "the record does not support his guilty plea and conviction of 'use' and 'carrying' a firearm within the meaning of section…924(c)." Reply, at 4.

## II. DISCUSSION

### A. Standard of Review

"A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where 'extraordinary circumstances are present.'" *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (citing *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992)). "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). "[T]o obtain coram nobis relief a petitioner must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Id*. at 90 (citing *Foont*, 93 F.3d at 79) (internal quotation marks, citations, and alterations omitted). "Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which 'errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" *United States v. Ramirez*, No. 98-cr-927, 2012 WL 11280, at *2 (S.D.N.Y. Jan. 3, 2012), *aff'd*, 514 F. App'x 42 (2d Cir. 2013) (citing *Foont*, 93 F.3d at 78) (internal citations and quotation marks omitted).

"Extraordinary circumstances must be present, and the burden rests on the petitioner to show that the proceedings in his case were not correct." *United States v. Tapia-Garcia*, No. 95-cr-1008, 2010 WL 3452385, at *2 (S.D.N.Y. Sept. 2, 2010); *see also Fleming*, 146 F.3d at 90 ("In reviewing a petition for the writ, a federal court must presume the proceedings were correct. The burden of showing otherwise rests on the petitioner.") (internal quotation marks and citation omitted).

"The writ of audita querela is a rarely invoked writ, 'available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'" *Ramirez*, 2012 WL 11280, at *2 (citing *United States v. LaPlante,* 57 F.3d 252, 253 (2d Cir. 1995) (citing *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991))). "Audita querela cannot be used to circumvent the timely filing of a section 2255 petition." *United States v. Sanchez*, No. 03-cr-965, 2010 WL 5222131, at *2 (S.D.N.Y. Dec. 22, 2010). The writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (quoting *United States v. Valdez-Pancheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)). "A sentence cannot be challenged using a writ of audita querela when there are alternative avenues of collateral attack available." *Ramirez*, 2012 WL 11280, at *2.

### B. Petitioner's Motion for a Writ of Coram Nobis or Audita Querela is Denied

With respect to his request for a writ of coram nobis or audita querela, Petitioner had failed to satisfy his burden of demonstrating any legal error with his conviction or that "there are circumstances compelling such action to achieve justice." *Fleming*, 146 F.3d at 89-90. While Petitioner argues that he pled "guilty to 'possession' of a weapon, pursuant to § 924(c)(1) and not to 'use' and 'carry' as the indictment read" (Reply, at 9) and that "[t]he Supreme Court made clear in *Bailey* a person cannot be convicted of 'use' under § 924(c)(1) for merely possessing the

firearm" (*id.*), as demonstrated below, there was ample evidence to support Petitioner's conviction under Section 924(c), and Petitioner has not satisfied his burden of showing "that the proceedings in his case were not correct." *Tapia-Garcia*, 2010 WL 3452385, at *2.

"Under 18 U.S.C. § 924(c), 'any person who, during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm…shall' be subject to criminal penalties." *Johnson v. United States*, 779 F.3d 125, 128 (2d Cir. 2015) (citing 18 U.S.C. § 924(c)(1)(A)); *see also Smith v. United States*, 508 U.S. 223, 227-28, 113 S. Ct. 2050, 2053, 124 L. Ed. 2d 138 (1993) ("Section 924(c)(1) requires the imposition of specified penalties if the defendant, during and in relation to any crime of violence or drug trafficking crime[,] uses or carries a firearm. By its terms, the statute requires the prosecution to make two showings. First, the prosecution must demonstrate that the defendant use[d] or carrie[d] a firearm. Second, it must prove that the use or carrying was "during and in relation to" a "crime of violence or drug trafficking crime."). In *Bailey v. United States*, the Supreme Court "held that a defendant cannot be convicted of 'using' a firearm under § 924(c) unless he 'active[ly] employ[s]' the weapon, such as by 'brandishing, displaying, bartering, striking with [or] most obviously, firing or attempting to fire [it].'" *United States v. Triestman*, 178 F.3d 624, 627 (2d Cir. 1999) (citing *Bailey v. United States*, 516 U.S. 137, 143, 148, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)). The *Bailey* Court noted that while "the active-employment reading of 'use' restricts the scope of § 924(c)(1), the Government often has other means available to charge offenders who mix guns and drugs. The 'carry' prong of § 924(c)(1), for example, brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Bailey*, 516 U.S. at 150. Post-*Bailey* cases have confirmed that the term "carry" under Section 924(c)(1) "retains an independent meaning, for, under *Bailey*, carrying a gun in a car does not necessarily involve the gun's 'active employment.'" *Muscarello v. United States*, 524 U.S. 125, 136, 118 S. Ct. 1911, 1918, 141 L.

5

Ed. 2d 111 (1998). "In this Circuit, the "carry" prong is satisfied if the evidence establishes that, during and in relation to the underlying crime, the defendant either (1) had physical possession of the firearm, or (2) moved the firearm from one place to another." *United States v. Persico*, 164 F.3d 796, 802 (2d Cir. 1999).

Petitioner argues that "[b]ecause there was no evidence of the kind of 'use' contemplated in *Bailey* to support the…§ 924(c)(1) offense…his § 924(c)(1) conviction is invalid and must be vacated." Reply, at 3. However, Count Three in the Superseding Indictment to which Petitioner pled guilty charged him with "knowingly and willfully us[ing] *and carry[ing]* a firearm during in relation to a drug trafficking crime" (Superseding Indictment, at 2)(emphasis added) and Petitioner concedes that his behavior constituted "carrying" a firearm (*see* Petition, at 10) ("Petitioner's behavior constituted only "carrying"), while arguing that because his behavior only constituted "carrying," his "sentence and conviction was not authorized by law." *Id*. Petitioner is incorrect, as the facts to which he allocuted at his plea hearing demonstrate that his conduct satisfied the "carry" prong of the Section 924(c)(1) charge and where a defendant is charged with "'us[ing] and carry[ing] a firearm,' the defendant may be convicted if he '*either* used or carried a firearm.'" *United States v. Cox*, 324 F.3d 77, 82 (2d Cir. 2003) (citing *United States v. Giraldo*, 80 F.3d 667, 674 (2d Cir. 1996) (emphasis added), *abrogated on other grounds by Muscarello,* 524 U.S. at 138, 118 S.Ct. 1911).

At the plea hearing, the Court informed Petitioner that "the government would have to prove beyond a reasonable doubt that [he] knowingly and willfully used and carried a firearm during and in relation to the that drug trafficking offense," that "they would have to prove that [he] [was] aware that [he] [was] *carrying* a firearm as part of the drug deal," and that he "intentionally *carried* the firearm with relation to the drug trafficking crime." Transcript of Plea Hearing, at 11 (emphasis added). Petitioner confirmed he understood (*id*.) and went on to

6

explain how he participated in the charge of "willfully carrying a firearm during that drug deal" (*id*., at 14) by admitting that he was "in a car that had cocaine in it and [he] possessed gun" and the purpose of the firearm was "[f]or self-preservation" in the drug deal. *Id.* at 14-15. Petitioner does not deny that he made these admissions or that his conduct constituted "carrying" a firearm during a drug trafficking transaction (*see* Petition, at 10), and contrary to Petitioner's assertion, "[t]he transcript of the plea allocution demonstrates that the petitioner was advised of the elements of a violation of § 924(c) which would have been accurate even after *Bailey* and the petitioner admitted to his guilt of that offense." *Wallace v. United States*, No. 97-civ-2282, 1998 WL 472851, at *3 (S.D.N.Y. Aug. 10, 1998); *see also United States v. Munoz*, 143 F.3d 632, 636 (2d Cir. 1998) ("Since the charge accurately conveyed the requirements for finding [defendant] had 'carried' the firearms, it does not matter that the district court told the jury to ignore the word 'carry.' Thus, even if the jury may have thought it was finding [the defendant] guilty of 'using,' the fact that the instruction with respect to 'using' properly described 'carrying' made the jury's verdict the functional equivalent of a finding of 'carrying.'") (citing *United States v. Pimentel*, 83 F.3d 55, 60 (2d Cir. 1996)).[3] The evidence at the plea hearing was more than sufficient to support Petitioner's conviction under the "carry" prong of Section 924(c) and there was no

---

[3] "A court will not grant a new trial for an erroneous "use" charge under § 924 if it finds that there was ample evidence to support a conviction under the other prong of the statute, to 'carry' a firearm when accompanied by the person." *Ruggiero v. United States*, No. 97-civ-2925, 2001 WL 286751, at *6 (S.D.N.Y. Mar. 22, 2001), *amended*, Nos. 92-cr-811, 97-civ-2925 2001 WL 406247 (S.D.N.Y. Apr. 19, 2001) and *aff'd sub nom. Cleary v. United States*, 144 F. App'x 204 (2d Cir. 2005). "The Supreme Court recently expanded the definition of 'carry' under § 924(c) to include, as in petitioners' case, carrying a firearm in a vehicle" and "[t]hus, although the jury instruction was erroneous under the 'use' prong of [Section 924(c)], it was within the newly defined parameters of the 'carry' prong and the conviction under § 924 was not erroneous." *Id.*; *see also United States v. Thody*, 460 F. App'x 776, 781 (10th Cir. 2012) (while *Bousley v. United States*, 523 U.S. 614 (1998) "held that a defendant convicted of violating § 924(c)(1) under an improper 'use' instruction could collaterally attack his sentence only by showing his actual innocence of the charged violation…This requires [petitioner] to show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Put another way, *Bailey* claims are foreclosed if the evidence was legally sufficient to convict for carry.") (internal quotations and citations omitted).

7

fundamental error in his guilty plea and conviction on the Section 924(c) charge. In *Salas v. United States*, the Second Circuit held that "*Bailey*'s change in the standard for establishing 'use' ha[d] no effect on [petitioner's] conviction" (*Salas v. United States*, 139 F.3d 322, 325 (2d Cir. 1998)) pursuant to a guilty plea, for using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1) because at his plea hearing, petitioner "conceded that he had knowingly transported the gun in the car to the place of the planned narcotics transaction and that his purpose in doing so was to provide protection to the conspirators in the drug transaction" (*id.*, at 324) and thus the defendant "admitted facts that constituted the crime of carrying under § 924(c)." *Id.*, at 325. Like the defendant in *Salas*, Petitioner "admitted facts that constituted the crime of carrying under § 924(c)" (*id.*) and this evidence was legally sufficient to convict him under the "carry" prong of Section 924(c).

Petitioner has also failed to show that "sound reasons exist for failure to seek appropriate earlier relief." *Fleming*, 146 F.3d at 90 (citing *Foont*, 93 F.3d at 79). While "[t]here is no statute of limitations governing *coram nobis* petitions…*coram nobis* relief…may be barred by the passage of time at the district court's discretion…[and]…In the absence of sound reasons provided by the petitioner, the courts have generally found that a belated petition for *coram nobis* should be dismissed if its filing has been delayed for more than several years." *Tapia-Garcia*, 2010 WL 3452385, at *2 (internal citations and quotations omitted). Here, the Petition was filed on November 15, 2011, approximately twenty-one (21) years after his plea allocution, nineteen (19) years after his sentencing, and sixteen (16) years after the *Bailey* decision, however Petitioner has not shown "sounds reasons" for the delay. *See id.* at *3 (denying coram nobis petition because it was meritless and "because petitioner ha[d] not provided sufficient explanation for his [thirteen year] delay in filing [the] petition."). Petitioner, who was released from custody on the charges at issue in the Petition in 1994, argues that "although there have

8

been previous consequences set upon the Petitioner through the last twenty (20) years…due to the 18 U.S.C. § 924(c)(1) there have been none that has risen to the level of causing the Petitioner more than 'incidental' harm" (Reply, at 16), until he was incarcerated at a federal correctional facility on charges unrelated to those in the Petition, and his Section 924(c) conviction allegedly precluded him from various programs, including the Residential Drug Abuse Program, and from attaining a lower security level at that correctional facility. *Id.*, at 15-16. However, "this Circuit has found that the fact that a petitioner might have a new motive to challenge a conviction is not, standing alone, a sound reason for delay in pursuing earlier relief" and that "[e]ven if petitioner has a new motivation for challenging his plea, due to its impact on the sentence he is currently serving, that does not excuse his delay in challenging the constitutional validity of the plea at an earlier date." *Tapia-Garcia*, 2010 WL 3452385, at *3.

Petitioner has failed to provide "sound reasons" for his delay in bringing the Petition, and has failed to demonstrate any error in his plea and conviction, and therefore his Petition for a writ of coram nobis or audita querela is denied. *See Ramirez*, 2012 WL 11280, at *3-4.

III. CONCLUSION

For the foregoing reasons, the Petition is denied in its entirety. The Clerk of the Court shall enter judgment accordingly, close this case, and serve notice of entry of this Order upon all parties in accordance with Federal Rule of Civil Procedure 77(d)(1), including mailing a copy of this Order to Petitioner at his last known address.

**SO ORDERED.**

                                                    s/ Sandra J. Feuerstein
                                                  Sandra J. Feuerstein
                                                  United States District Judge

Dated: September 11, 2015
       Central Islip, New York